# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANGELA MCCURDY and LINDSEY WATTREE, DOES Plaintiffs 1-100,<br><br>       Plaintiffs,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; a foreign corporation; U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR GSMPS MORTGAGE LOAN TRUST 2006-RP2 BY ITS ATTORNEY IN FACT WELLS FARGO BANK, N.A.; SUCCESSOR BY MERGER TO WELLS FARGO HOME MORTGAGE INC.; and DOES I through X inclusive; and ROE COMPANIES I through X, inclusive,<br><br>       Defendants. | Case No.: 2:10-cv-00880-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#5; Motion for Preliminary Injunction–#10) |

   Before the Court is Defendant Wells Fargo Bank, N.A.'s **Motion to Dismiss** (#5), filed June 15, 2010. The Court has also considered Plaintiffs Angela McCurdy and Lindsey Wattree's Opposition (#9), filed July 1, 2010, and Wells Fargo's Reply (#12), filed July 12, 2010.

   Also before the Court is Plaintiffs' **Motion for Preliminary Injunction** (#10), filed July 6, 2010. The Court has also considered Wells Fargo's Opposition (#13), filed July 23, 2010, and Plaintiffs' Reply (#17), filed August 9, 2010.

1

AO 72
(Rev. 8/82)

**BACKGROUND**

In 1999, Plaintiffs purchased the real property at issue in this litigation. The Deed of Trust named Plaintiffs as Borrowers and United Capital Mortgage Corporation as the Trustee and Beneficiary. This Deed of Trust was eventually assigned to Wells Fargo. In 2008, Plaintiffs defaulted on this Deed of Trust, which caused Wells Fargo to initiate foreclosure proceedings in June 2009. Plaintiffs allegedly entered into a Special Forbearance Plan with Wells Fargo to begin with Plaintiffs' June 2009 payment. However, Plaintiffs subsequently defaulted on this forbearance plan as well. Wells Fargo again initiated foreclosure proceedings.

Plaintiffs claim that they contacted Wells Fargo beginning in October 2009 to negotiate another loan modification. Wells Fargo allegedly requested Plaintiffs' financial information to determine what modification options would be available to Plaintiffs. Meanwhile, because Plaintiffs once again began to generate income they claim to have continued to make their monthly payments. Then, in January 2010, they received a letter from Wells Fargo that contained a formal offer for a loan modification. Plaintiffs were allegedly told by Wells Fargo that other modification plans were also available and that it was not necessary to accept the plan contained in the letter. Accordingly, Plaintiffs decided to reject the plan described in the letter. Plaintiffs claim this rejection was a result of the representations by Wells Fargo that there would be additional loan modification plans forthcoming. However, in February 2010, Plaintiffs received another letter from Wells Fargo stating that Plaintiffs' loan modification request was cancelled. Plaintiffs home was sold at a trustees sale on February 17, 2010, allegedly without any notice to Plaintiffs.

Plaintiffs' filed this lawsuit on May 5, 2010, in the Eighth Judicial District Court of the State of Nevada. On June 8, the case was removed to this Court based on the diversity of the parties. On June 15, Wells Fargo filed a motion to dismiss to which Plaintiffs' responded. On July 6, Plaintiffs' filed a motion for preliminary injunction. For the reasons discussed below, Wells Fargo's motion to dismiss is denied in part and granted in part and Plaintiffs' motion for preliminary injunction is denied.

AO 72
(Rev. 8/82)

## DISCUSSION

**I.     Motion to Dismiss**

    **a.     Standard of Review**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the Court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice. *Id.* at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks
/

3

omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

 **b.**  **Analysis**

  **i.**  **Breach of Contract**

Plaintiffs' breach of contract claim is based on two separate theories. Therefore, the Court will consider each theory separately.

   **1.**  **Deed of Trust and Special Forbearance Plan**

First, Plaintiffs claim that Wells Fargo breached the Deed of Trust and Special Forbearance Plan by foreclosing upon Plaintiffs' property even though Plaintiffs' were making their monthly mortgage payment. However, a breach of contract claim requires proof that the plaintiff performed all obligations required under the contract or was excused from performance. *Mason Artwork Pictures, LLC*, 2007 U.S. Dist. LEXIS 27473 (D. Nev. 2007). Because Plaintiffs' admit they defaulted on the Deed of Trust and Special Forbearance Plan, they did not perform all obligations required under those contracts. Furthermore, any oral representations by Wells Fargo to modify these contracts are irrelevant because Plaintiffs' contractual claim is based on an alleged breach of the Deed of Trust and Special Forbearance Plan—not Wells Fargo's alleged duty to modify those contracts. Therefore, Plaintiffs' have failed to state a valid claim.

   **2.**  **HAMP Contract**

Second, Plaintiffs claim that Wells Fargo is liable to Plaintiffs as third-party beneficiaries for breach of the Home Affordable Modification Program ("HAMP") contracts entered into between Wells Fargo and Fannie Mae. However, this Court has previously rejected this argument because "the Home Affordable Modification Program does not provide borrowers with a private cause of action against lenders for failing to consider their application for loan modification, or even to modify an eligible loan." *Simon v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 63480, *26-27 (D. Nev. 2010). Therefore, Plaintiffs' have failed to state a valid claim as to the HAMP contract, accordingly, Plaintiffs' breach of contract claim must be dismissed.

### ii. Breach of Good Faith and Fair Dealing

The Court dismisses Plaintiffs' claim for breach of the duty of good faith and fair dealing. Under Nevada law, "when one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith. *Perry v. Jordan*, 111 Nev. 943, 948 (1995); *see also Great Amer. Ins. Co. v. Gen. Builders, Inc.*, 113 Nev. 346, 355 (1997). Plaintiffs claim that Wells Fargo breached this duty by negotiating in bad faith regarding a loan modification. However, Plaintiffs' have not shown that a contract exists that requires Wells Fargo to negotiate in the first place. Accordingly, the Court dismisses this claim.

### iii. Inspection and Accounting

Plaintiffs' action for inspection and accounting is dismissed because it fails to establish any legal basis for such a claim. An action for accounting "may only be brought where there is a fiduciary or a trust relationship between the parties." *Simon v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 63480, *30 (D. Nev. 2010). However, no such relationship exists between a lender and a borrower. *Giles v. GMAC*, 494 F.3d 865, 882 (9th Cir. 2007). Thus, because Plaintiffs and Wells Fargo have a lender/borrower relationship this claim must be dismissed. Plaintiffs further invoke the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692g, as a basis for their accounting claim. "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3rd Cir. 1987). However, "foreclosure is not an action intended to 'collect a debt' under the FDCPA, and therefore cannot be a basis for violations of the FDCPA." *Prince v. United States Bancorp*, 2010 U.S. Dist. LEXIS 91491, *19, n.6 (D. Nev. 2010). In addition, the FDCPA generally applies only to debt collectors, and a creditor such as Wells Fargo is not a debt collector within the definition provided by the FDCPA. 15 U.S.C. §§ 1692a(4), (6)(F). Therefore, the Court dismisses Plaintiffs' action for inspection and accounting.

/

AO 72 (Rev. 8/82)

### iv. Slander of Title

The Court dismisses Plaintiffs' action for slander of title because it also fails to allege the facts necessary to support such a claim. "Slander of title involves false and malicious communications, disparaging to one's title in land, and causing special damage." *Exec. Mgmt. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998). Here, Plaintiffs merely allege that Wells Fargo slandered title to their property by wrongfully foreclosing upon it. Plaintiffs fail to allege any false statements against their title or to plead any factual content suggesting that Wells Fargo acted maliciously. Therefore, the Court dismisses this claim.

### v. Deceptive Trade Practices

Plaintiffs' claim that Wells Fargo engaged in deceptive trade practices by knowingly making false representations to Plaintiffs in violation of NRS §598.0915 and §598.0923. This claim fails because it does not allow the Court to draw a reasonable inference of Wells Fargo's liability. There are several ways in which a person could engage in a deceptive trade practice under those statutes. However, Plaintiffs do not clarify which provision the defendants have violated on the face of the Complaint. As a result, the Court must dismiss the claim. Plaintiffs attempt to correct this defect by specifying in their Reply (Dkt. # 9) that Wells Fargo violated NRS §598.0915(9) (a person engages in a deceptive trade practice if he or she "[a]dvertises goods or services with intent not to sell or lease them as advertised"). However, Plaintiffs must state a valid claim on the face of the Complaint and Plaintiffs' Complaint never alleges that Wells Fargo advertised any good or service in connection with this loan modification/foreclosure. Accordingly, the Court dismisses this claim.

### vi. Wrongful Foreclosure

Plaintiffs' action for wrongful foreclosure is dismissed because at the time of foreclosure they were in breach of the terms of the Deed of Trust, as well as the Special Forbearance Plan. "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure

occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Thus, even if Plaintiffs did make payments subsequent to their default on the Special Forbearance Plan the initial default itself would still authorize a foreclosure under Nevada law. Accordingly, the Court dismisses this claim.

     **vii. Violation of NRS §40.440**

     Plaintiffs have stated a valid claim under NRS §40.440. Pursuant to NRS §40.440, "[i]f there is surplus money remaining after payment of the amount due on the mortgage or other lien, with costs, the court may cause the same to be paid to" the borrower. Plaintiffs' claim to have only owed $125,853.39 at the time Wells Fargo sold it in foreclosure for $137,269.28. That would produce a surplus of $10,339.12. Accepting Plaintiffs' assertions as true, the Court finds that they have stated a valid claim.

     **viii. Specific Performance, Injunctive Relief and Declaratory Relief**

     The Court dismisses Plaintiffs' causes of action for specific performance, injunctive relief and declaratory relief because the claim surviving this motion—violation of NRS §40.440—does not merit this relief. Specific performance is not warranted because the Court believes money damages would be an adequate remedy for the surviving claim. Injunctive relief is not warranted because the surviving claim would not entitle Plaintiffs' to relief that would prevent the eviction process from going forward. Finally, declaratory relief is not proper here because the Court has dismissed the breach of contract claim. Accordingly, the Court dismisses these claims.

     **ix. Preemption**

     Wells Fargo argues that Plaintiffs' claims are preempted by the National Bank Act ("NBA"), 12 U.S.C. § 21 *et. seq.*, and the regulations of the Office of the Comptroller of Currency ("OCC"). The NBA controls the business activities of national banks, such as Wells Fargo. As the agency charged with administering the NBA, the OCC is authorized to promulgate regulations

regarding the preemptive reach of national banking law. However, these regulations do not completely preempt states from legislating in the banking field. "Federally chartered banks are subject to state laws of general application in their daily business to the extent such laws do not conflict with the letter or general purposes of the NBA." *Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 11 (2007). Thus, state laws that "merely require all businesses (including national banks) to refrain from fraudulent, unfair, or illegal behavior, do not necessarily impair a bank's ability to exercise its real estate lending powers." *Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d 549, 555 (9th Cir. 2010). The remaining claim in this action—violation of NRS §40.440—is "not designed to regulate real estate lending, nor [does it have] a disproportionate or other substantial effect on lending." *Id*. It merely requires Wells Fargo to exercise its lending powers fairly and honestly. Accordingly, the Court finds that the NBA does not preempt that claim.

**II.     Motion for Preliminary Injunction**

   **a.     Standard of Review**

A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 365, 374 (2008). Applying *Winter*, the Ninth Circuit has since held that, to the extent previous cases suggested a lesser standard, "they are no longer controlling, or even viable." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citation omitted). Thus, a party must satisfy each of these four requirements.

   **b.     Analysis**

The Court denies Plaintiffs' motion for preliminary injunction because the claim surviving Wells Fargo's motion to dismiss—violation of NRS §40.440—does not merit such relief. Plaintiffs' motion for preliminary injunction asks the Court to stop the eviction proceedings and require Wells Fargo to negotiate a loan modification so that Plaintiffs' can stay in their home. However, even if Plaintiffs' succeed on this surviving claim, monetary damages would be the

proper relief and a sufficient remedy to make the Plaintiffs' whole again. Thus, because there is no irreparable harm, the Court need not address the remaining elements from *Winter*. As such, this motion is denied.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Wells Fargo's Motion to Dismiss (#5) is GRANTED in part and DENIED in part as follows:

- The motion is DENIED as to: Violation of NRS 40.440.
- The motion is GRANTED as to: Breach of Contract; Breach of Good Faith and Fair Dealing; Declaratory Relief; Injunctive Relief; Inspection and Accounting; Slander of Title; Specific Performance; Deceptive Trade Practices; and Wrongful Foreclosure.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Preliminary Injunction (#10) is DENIED.

Dated: October 15, 2010

_____
ROGER L. HUNT
Chief United States District Judge